940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WHITE MOUNTAIN APACHE TRIBE OF ARIZONA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5060.
 United States Court of Appeals, Federal Circuit.
 June 3, 1991.
 
 ON MOTION
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge and PLAGER, Circuit Judge.
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss the appeal of the White Mountain Apache Tribe of Arizona (Tribe). The Tribe moves for leave to file, out of time, an opposition to the motion to dismiss with opposition attached.
 
 
 2
 By way of background, in 1972 the Claims Court entered a stipulated consent judgment concerning Indian title to certain lands. The present Claims Court case is a suit for compensation based on mismanagement of those tribal lands. In an earlier appeal, no. 88-1251, the Tribe sought judicial review of an order of the Claims Court denying the Tribe's motion to construe the 1972 consent judgment to include additional lands in its present mismanagement suit. The United States moved to dismiss that appeal. On May 10, 1988, this court granted the United States' motion, rejecting the Tribe's argument that the order was appealable pursuant to the Cohen* doctrine. We stated:
 
 
 3
 the issue that the Tribe seeks to present on appeal will be fully reviewable in the course of any final appeal in Docket 22-H.
 
 
 4
 Subsequently, the Tribe moved in the Claims Court for leave to offer evidence or to make a proffer concerning the disputed lands. On November 27, 1990, the Claims Court denied those motions.
 
 
 5
 On January 14, 1991, the Tribe moved to "enforce the mandate" contained in our May 10, 1988 order, asserting that the Claims Court had to allow the presentation of evidence supporting its claims. On February 8, 1991, the Claims Court denied the motion stating:
 
 
 6
 [T]he subject of the instant motion has been subject to multiple rulings in the past after full briefings and consideration by the court. The court's rulings on point are a matter of record. No useful purpose was served by plaintiffs filing its most recent motion. The motion was denied previously for reasons fully explained in the orders of the court.
 
 
 7
 Plaintiff is on notice that future motions of this nature will not be tolerated. Should plaintiff file another frivolous, repetitive motion, plaintiff will be required to pay for defendant's attorney time in responding thereto. Although the court's consideration of such filings is gratis, plaintiff's opponent should not be required to respond without reimbursement of attorney's fees.
 
 
 8
 The November 27, 1990 and February 8, 1991 orders are not appealable orders. As we stated before, the Tribe may seek review of the propriety of the denial of its motions on appeal after final judgment. Cf., Chapman v. Manbeck, no. 90-1446, slip op. at 4 (Fed.Cir. Apr. 16, 1991).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Tribe's motion for leave to file its opposition out of time is granted.
 
 
 11
 (2) Based on review of the United State's motion and the Tribe's opposition, the United State's motion to dismiss is granted.
 
 
 
 *
 Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949)